Henry C. Kelley *vs.* Samuel R. Brown.

A check addressed to the cashier of a bank, and thus expressed, " Pay to J. S. or bearer fifty dollars, value received," must be presented to the bank for payment in order to charge the drawer; and proof that it was intended by the parties as evidence of money lent, and was not intended to be presented to the bank for payment, is inadmissible to support an action against the drawer on the check.

A drawer's promise to pay an overdue check, without knowing the fact that it has not been duly presented to the bank for payment, is not binding upon him.

ACTION OF CONTRACT. The declaration alleged that the defendant, on the 17th of May 1853, " signed an order to the cashier of the Marine Bank, (a copy whereof is hereto annexed,) to pay the plaintiff or bearer the sum of fifty dollars; wherefore the defendant owes the plaintiff said sum, with interest thereon." The copy annexed was as follows: " 50 dolls. New Bedford, 5mo. 17, 1853. Cashier of the Marine Bank. Pay to Henry C. Kelley or bearer fifty dollars. Value rec'd. S. R. Brown."

At the trial in the court of common pleas, before *Bishop*, J.,

it was admitted that the check had never been presented to the bank ; but there was no evidence that the defendant had ever objected to payment upon that ground. The plaintiff introduced a number of witnesses who testified that this check was in form " a memorandum check ; " that it was customary to give such checks for money lent ; and that they were the evidence of indebtedness for money lent, and so regarded and understood by the parties to them. He also introduced evidence tending to show that the check had been repeatedly presented to the defendant ; that he acknowledged it to be due, and promised to pay it ; and that, when sued, he told the officer that he was sorry the plaintiff had brought his action, and that he had intended to pay it, and should have done so, had he not been sued.

The defendant objected to the admission of the foregoing testimony ; and asked the judge to instruct the jury " that the check should have been presented to the bank for payment, before action brought ; that no inference could be drawn from the defendant's admission of his indebtedness, and his promise of payment, without the plaintiff's showing that the admission and promise were made with the full understanding on the defendant's part that the plaintiff had not presented the check to the bank." But the judge refused so to instruct the jury, and instructed them " that, if they found that the defendant gave the check in question, and it was given by the defendant as, and understood by the parties to be, evidence of money lent, and was not intended by them to be presented to the bank for payment, they could find for the plaintiff." The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. C. Stone*, for the defendant.

*T. D. Robinson*, for the plaintiff. The insertion of the words " value received " made the check " a memorandum check." Evidence of the general custom and understanding with regard to such checks was properly admitted. It is well understood that such checks are not intended to be presented at the banks on which they are drawn ; nor do banks ever pay such checks, even if the maker has funds.

But this is rendered immaterial by the defendant's admission that the check was due and his promise to pay it. Whether, when he made the admission, he knew that the check had not been presented at the bank, is immaterial; for he knew that he had no funds, if such was the fact; and if he had funds, he knew the prevailing custom as to such checks. The case was properly submitted to the jury, and their finding is conclusive.

In any view, the defendant is liable for money had and received to his use. *Manufacturers' & Mechanics' Bank* v. *Gore*, 15 Mass. 75.

SHAW, C. J. The paper in question was declared on as a common draft on a bank, with no averment that it bore any other character, or that from any peculiarity in its terms, attended with any known custom, it was understood to be a due bill, or evidence of money lent. There was no sufficient ground therefore to warrant the admission of parol evidence. As a draft, the drawer was not liable without presentment to the drawee and dishonor by him. Chit. Bills, (10th Amer. ed.) 354, 389.

The defendant's promise to pay the draft, without knowing that it had not been presented, was not binding on him. *Garland* v. *Salem Bank*, 9 Mass. 408.     *Exceptions sustained.*